**CDLG, PC**
Tony Cara, Esq., SBN 170720
2973 Harbor Boulevard, Suite 594
Costa Mesa, CA 92626-3912
Phone: (888) 615-6765
Fax: (888) 660-8874
Litigation.CDLG@gmail.com

Attorney for Plaintiff,
FELETI HALAAPIAPI AS TRUSTEE OF THE SIONE AND KALOLAINE TENEFUFU FAMILY TRUST

## U.S. DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELETI HALAAPIAPI AS TRUSTEE OF THE SIONE AND KALOLAINE TENEFUFU FAMILY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET SERIES IV TRUST; ABULLA NOORISTANI; HAMID AZIZ; RAASHDA KHAN; and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO. 2:22-CV-01237-TLN-KJN**<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**<br><br>1. VIOLATION OF CIV. CODE § 2924(a)(1);<br>2. NEGLIGENCE;<br>3. WRONGFUL FORECLOSURE;<br>4. UNFAIR BUSINESS PRACTICES, VIOLATION OF BUS. & PROF. CODE § 17200, ET SEQ.;<br>5. CANCELLATION OF WRITTEN INSTRUMENTS, CIV.CODE § 3412;<br><br>**(Amount in controversy less than $75,000)** |

**COMES NOW** plaintiff Feleti Halaapiapi as Trustee of the Sione and Kalolaine Tenefufu Family Trust, ("PLAINTIFF"), by and through her counsel, alleges as follows in this First Amended Complaint:

## PARTIES

1.  PLAINTIFF is, and at all relevant times mentioned herein were, residents of Sacramento County, California, and are the rightful and lawful owners of real property commonly known as **7068 21st Street, Sacramento, CA 95822**, ("Subject Property"), and is her personal and principal residence.

Defendant Wells Fargo Bank, N.A., ("WELLS"") is a corporation with its principal place of business in San Francisco, California. WELLS conducts and at all times mentioned herein conducted, business in Sacramento County, California. Its agent for service of process is CT Corporation. WELLS is the purported current loan servicer of the mortgage loan that is the subject of the allegations complained of herein.

2. Defendant U.S. Bank Trust National Association, as Trustee of The Chalet Series IV Trust, ("U.S. BANK") is a securitized trust with its principal place of business in Scottsdale, Arizona. U.S. BANK conducts, and at all times mentioned herein conducted, business in Sacramento County, California. Its agent for service of process is U.S. Bank Trust National Association. U.S. BANK is the purported current beneficiary of the mortgage loan that is the subject of the allegations complained of herein.

3. Defendant Abulla Nooristani is a third-party purchaser who obtained 34% Interest in the subject property at the foreclosure sale conducted and is joined herein as an interested party.

4. Defendant Hamid Aziz is a third-party purchaser who obtained 33% Interest in the subject property at the foreclosure sale conducted and is joined herein as an interested party.

5. Defendant Raashda Khan is a third-party purchaser who obtained 33% Interest in the subject property at the foreclosure sale conducted and is joined herein as an interested party.

6. PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sues them by fictitious names. PLAINTIFF will amend this complaint to allege DOES' true names and capacities when they are ascertained.

7. PLAINTIFF alleges that DOES 1-10 claim some right, title, estate, lien or interest in the Subject Property that is adverse to PLAINTIFF's own title. Each of these claims constitutes a cloud on PLAINTIFF's title to the Subject Property from which they seek relief.

8. PLAINTIFF alleges that DOES 1-10 are contractually, strictly, negligently, intentionally or vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this complaint, and that DOES 1-10 are indebted to PLAINTIFF as hereinafter alleged.

///

**JURISDICTION AND VENUE**

9. Jurisdiction of this Court arises under *Cal. Const. Art. VI §10* and *Code Civ.Proc.* §410.10 et seq. because DEFENDANTS engaged in business in the State of California and the acts of wrongdoing alleged in this complaint occurred in California. DEFENDANTS have more than "sufficient minimum contacts" within the State of California such that this Court's exercise of personal jurisdiction over DEFENDANTS herein "does not offend the traditional notions of fair play and substantial justice." DEFENDANTS herein purposefully directed her activities to the State of California and consummated a transaction with a resident of the State of California, such as PLAINTIFF herein. As a result, DEFENDANTS caused an event or events to occur in California, and more particularly in Sacramento County, California, out of which this action arises and which forms the basis of this action.

10. Venue is proper in this Court pursuant to *Code Civ.Proc.* § 392(a) because DEFENDANTS' liability to PLAINTIFF arose within the jurisdictional region of this Court. This Court has jurisdiction over the parties. PLAINTIFF is residents of Sacramento, California. All DEFENDANTS regularly engage in business within Sacramento County, California, and the real property is located in Sacramento County, California.

11. PLAINTIFF is suing for damages that are related to violation various California statutes and the Homeowner Bill of Rights Act wherein the amount of controversy is approximately $75,000.00 and/or according to proof.

**GENERAL AND FACTUAL ALLEGATIONS**

12. PLAINTIFF alleges that on or about May 25, 2007, PLAINTIFF's obtained a mortgage loan on the Subject Property from World Savings Bank, FSB in the amount of $142,500, memorialized by a Deed of Trust. The maturity due date is on June 1, 2037. The Trustee is Golden West Savings Association Service Co. This Deed of Trust was recorded in the Sacramento County, California Recorder's Office as Instrument No. 200705251292. **(Exhibit "A", Deed of Trust)**

13. PLAINTIFF alleges that on or about May 13, 2010, PLAINTIFF's obtained a mortgage loan on the Subject Property from Julie F. Kim and John Kim, in the amount of $50,000, memorialized by a Deed of Trust. The maturity due date is undisclosed. The Trustee is First American Title

Company. This Deed of Trust was recorded in the Sacramento County, California Recorder's Office as Instrument No. 2010055139720. **(Exhibit "B", Deed of Trust)**

14. PLAINTIFF alleges that on September 10, 2013, an Assignment of the Deed of Trust was recorded in the Sacramento County, California Recorder's Office as Instrument No. 201309101089. This assignment purported to assign the Deed of Trust from John Kim and Julie Kim to Trustees of the John Kim and Julie Kim as Trustees for the John Kim and Julie Kim Family Revocable Trust Dated July 28, 1998. **(See Exhibit "C", Assignment of Deed of Trust)**

15. PLAINTIFF alleges that on June 12, 2019, a Second Assignment of the Deed of Trust was recorded in the Sacramento County, California Recorder's Office as Instrument No. 201906121202 This assignment purported to assign the Deed of Trust from WELLS to MTGLQ INVESTORS, L.P. **(See Exhibit "D", Assignment of Deed of Trust No. 2)**

16. PLAINTIFF alleges that on August 27, 2019, a Third Assignment of the Deed of Trust was recorded in the Sacramento County, California Recorder's Office as Instrument No. 201908270472. This assignment purported to assign the Deed of Trust from MTGLQ INVESTORS, L.P. to U.S. BANK. **(See Exhibit "E", Assignment of Deed of Trust No. 3)**

17. PLAINTIFF alleges that on December 5, 2018, a Notice of Default and Election to Sell Under a Deed of Trust was recorded in the Sacramento County, California Recorder's Office as Instrument No. 201812051693. **(See Exhibit "F", Notice of Default and Election to Sell Under a Deed of Trust)** The Notice of Default has a different Trustee, listed as Quality Loan Service Corporation. There is no substitution of trustee, but the trustee that sold property is Prestige Default Services.

18. PLAINTIFF alleges that on October 6, 2021, a Notice of Trustee's Sale was recorded in the Sacramento County, California Recorder's Office as Instrument No. 2021100601394. The sale date was set for February 10, 2022, and the Subject Property was sold on that date.

19. This loan was originally done under the predatory loan by Golden West or World Savings. Based on the following factors, the original purchase date of 1989.

20. The date that was refinanced in 2007 it clearly tells me that this was exactly what DOJ hit them on. They specifically targeting the elderly and selling these loans to minorities. Now stating

this, emails from the borrower's trustee, she was working with Mortgage Default Services. The Property Radar shows Prestige Default Services

21. The communications from PLAINTIFF actually shows with Mortgage Default Services. Who gave all these different trustees the authority to foreclose? The one thing in common and that is from the Ghidotti berger law firm. In these communications also brings up the concerns that this client was working on an alternative to foreclosure and that the trustee foreclosed anyway.

22. On January 4, 2022, PLAINTIFF notified the Trustee at Mortgage Default Services with a written request to postpone the sale date and pending requesting also a payoff up to February 4, 2022.

23. On January 5, 2012, the sale date was moved to February 10, 2022.

24. PLAINTIFF engaged with a person on the phone stating that they could assist her. They demanded $12,000.00 payment to do so. They demanded a Money Order as well. They did nothing and the house sold.

25. On January 6, 2022 email, Amy from the Mortgage Law Firm stated that she was working with the pay off. There are no more emails from Amy, and presumptively the loan did not get funded or this house would not have sold.

26. PLAINTIFF alleges that U.S. BANK failed to advise PLAINTIFF in writing within 30 days that her Deed of Trust was transferred or assigned to a third party, and that it is the new owner or assignee of the debt is illegal in violation of Title 15 U.S.C. § 1641(g).

**FIRST CAUSE OF ACTION**
**VIOLATION OF CIV. CODE § 2924(a)(1),**
**LACK OF AUTHORITY TO FORECLOSE ON PROPERTY**
**(AGAINST WELLS and U.S. BANK)**

27. PLAINTIFF re-alleges and incorporates all preceding paragraphs as though set forth fully herein.

28. PLAINTIFF is the owner of the Subject Property.

29. On December 5, 2018, WELLS and U.S. BANK recorded a Notice of Default on the Subject Property. **(See Exhibit "F")**

30. On October 6, 2021, WELLS and U.S. BANK recorded a Notice of Trustee's Sale on the Subject Property.

31. Civ.Code §2924(a)(1) requires that the trust deed beneficiary or its agent be the one that authorizes the foreclosure proceeding by filing the Notice of Default and related procedures.

32. WELLS and U.S. BANK failed to comply with the requirements of Civ.Code § 2924(a)(1) in that the Notice of Default did not include the required statutory requirements: The Notice of Default is void or voidable in that the purported Trustee Prestige Default Services failed to record a Substitution of Trustee with the Sacramento County Recorder's Office in violation of Civ. Code §2934a(a)(1), and rendering the Notice of Default, Notice of Trustee's Sale and the Trustee's Deed Upon Sale re foreclosure sale void pursuant to Civ. Code §2934a(e) and 2924(a)(6).

33. PLAINTIFF has incurred damages for the improper recording of a Notice of Default as it causes immediate damage to a person's credit, causes increased emotional and mental suffering and can cause increased costs being levied based on the Notice of Default being filed which are charged to the loan balance.

34. These errors in the Notice of Default, Substitution of Trustee, Notice of Trustee's Sale, Trustee's Deed Upon Sale give this court proper grounds to vacate the faulty foreclosure procedure.

## SECOND CAUSE OF ACTION
## NEGLIGENCE
## (AGAINST WELLS and U.S. BANK)

35. PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

36. Recently, California courts have taken the position that a bank or lender may owe the borrower a duty not to act negligently in handling a loan modification application once it has undertaken to review the application. *Lueras v. BAC Home Loans Servicing LP* (2013) 221 Cal. App. 4th 49, 49, 63.

37. Typically, a financial institution owes no duty of care to a borrower. Yet it may where its activities either exceed those of a conventional lender or according to a review of six non-exhaustive factors. These factors are: 1) the extent to which the transaction was intended to affect the PLAINTIFF; 2) the foreseeability of harm to them; 3) the degree of certainty that the PLAINTIFF suffered injury; 4) the closeness of the connection between WELLS and U.S. BANK's conduct and the injury suffered; 5)

the moral blame attached to WELLS and U.S. BANK's conduct; and 6) the policy of preventing future harm.

38. PLAINTIFF alleges that WELLS and U.S. BANK breached their duty of ordinary care and good faith to PLAINTIFF, and their duty not to put PLAINTIFF in a worse position than when they:

    a. Used a Trustee, Servicer or Beneficiary that lacked legal authority to conduct the Trustee's Sale in violation of Civ. Code § 2924 (a)(1), Civ. Code §2934a(a)(1), 2934(a)(e) and 2924(a)(6);

    b. Violated Title 15 U.S.C. § 1641(g) by failing to contact PLAINTIFF after recording an Assignment of the Deed of Trust and notify the that it is the new beneficiary of the Deed of Trust.

39. Under *Biakanja v. Irving*, there are six (6) factors courts must analyze in determining whether a lender or servicer owes the borrower a duty of care: (1) the extent to which the transaction was intended to affect the PLAINTIFF, including the loss of the Subject Property and the equity contained within ; (2) the foreseeability of harm to him; (3) the degree of certainty that the PLAINTIFF suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm. *Biakanja*, 49 Cal.2d at 650.

40. WELLS and U.S. BANK owed PLAINTIFF a duty of care as her activities ***exceeded*** the <u>traditional scope of conventional money lending.</u> WELLS and U.S. BANK

41. WELLS and U.S. BANK's breaches are the ***actual*** and ***proximate cause*** of PLAINTIFF's damages because, but for her breaches, PLAINTIFF's loan would have been modified, arrearages would not have been capitalized, the loan would have become current, and the monthly payments would have been decreased avoiding late penalties. If WELLS and U.S. BANK acted reasonably and even if they denied PLAINTIFF's RMA within the statutory and or reasonable period, PLAINTIFF would have avoided a large arrears and large interest, which could now possibly cause foreclosure of the property.

42. As a consequence of WELLS and U.S. BANK's practice in this regard, PLAINTIFF suffered damages by **(1)** spending numerous hours and resources in providing them with updated financial documents; **(2)** loss of income due to borrowers' loss of hours at work in order to facilitate WELLS and U.S. BANK's repetitive request for unnecessary documents; **(3)** incurred additional and unnecessary late penalties on top of the default servicing which included the recording of the Notice of Sale; **(4)** damaged her credit reports in the process; and **(5)** higher arrears that is no longer affordable to PLAINTIFF.

43. PLAINTIFF demand restitution damages in an amount to be determined at trial and to disgorge WELLS and U.S. BANK s profits. PLAINTIFF incurred copying and faxing costs and attorney fees in the loan modification application process.

### THIRD CAUSE OF ACTION
### WRONGFUL FORECLOSURE
### (AGAINST WELLS and U.S. BANK)

44. PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

45. On February 10, 2022, WELLS and U.S. BANK wrongfully foreclosed on the Subject Property based upon violations of Civ. Code §2924(a)(1), 2934a(a)(1), 2924a(e) and 2924(a)(6), 2923.6(c).

46. WELLS and U.S. BANK caused an illegal, fraudulent, or willfully oppressive sale of the Subject Property pursuant to a power of sale in a mortgage or deed of trust;

47. PLAINTIFF suffered prejudice or harm as a result of the wrongful foreclosure trustee sale.

48. PLAINTIFF is excused from the tender requirement because of WELLS and U.S. BANK's violations of Civ. Code §2924(a)(1), 2934a(a)(1), 2924a(e) and 2924(a)(6),

49. PLAINTIFF is entitled to monetary damages for the loss of the Subject Property and her investment in it.

50. PLAINTIFF is entitled to have the wrongful foreclosure vacated, and have the Trustee's Deed Upon Sale, Notice of Default and Notice of Trustee's Sale cancelled.

51. PLAINTIFF is entitled to punitive damages for wrongful foreclosure. See *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 345. The managing agents of WELLS and U.S. BANK were responsible for setting her illegal and unauthorized foreclosure and related tort actions.

## FOURTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES, VIOLATION OF BUS. & PROF.CODE §17200, ET SEQ.
## (AGAINST WELLS and U.S. BANK)

52. PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

53. WELLS and is engaged in the business of lending money for real property purchases and selling mortgages/deed of trust as secured loans, and or servicing those loans.

54. U.S. BANK is engaged in the business of securitized, real estate investment trust on Wall Street, New York City, New York.

55. PLAINTIFF alleges that WELLS and U.S. BANK violated Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in unlawful, unfair, and fraudulent business practices as alleged above.

56. PLAINTIFF alleges that WELLS and U.S. BANK violated the "unfair," "unlawful," and "fraudulent" prongs of the UCL resulting in injury and economic loss to PLAINTIFF when they: purposely violated Civ. Code §§2924(a)(1), 2934a(a)(1), 2924a(e) and 2924(a)(6).

57. U.S. BANK's business practices of failing to advise homeowners in writing within 30 days that her Deed of Trust was transferred or assigned to a third party, and that it is the new owner or assignee of the debt is illegal in violation of Title 15 U.S.C. § 1641(g).

58. These acts and more are unlawful and unfair conduct has caused substantial harm to PLAINTIFF and the California citizenry at large.

59. A borrower may bring an unfair claim per the statute by alleging that a servicer's statements or conduct was misleading.

60. In the present case, the information provided to PLAINTIFF was certainly misleading and not consistent as to the status of the loan modification and what she was supposed to do to satisfy the lender's demands.

61. PLAINTIFF has suffered an actual, pecuniary injury of the loss of the equity in the value of the Subject Property, and the costs of seeking a remedy for WELLS and U.S. BANK's wrongful actions.

62. Under the three-factor analysis test found in *Zuniga v. Bank of America, N.A.,* 2014 WL 7156403 (C.D. Cal. Dec. 9, 2014), PLAINTIFF has stated a viable UCL claim.

63. PLAINTIFF demand restitution, and that WELLS and U.S. BANK disgorge their illicit profits and that PLAINTIFF receive all monetary awards statutorily due to them.

### FIFTH CAUSE OF ACTION
### CANCELLATION OF WRITTEN INSTRUMENTS, CIV. CODE § 3412
### (AGAINST WELLS and U.S. BANK)

64. PLAINTIFF realleges and incorporate by reference all proceeding paragraphs as though fully set forth herein.

65. PLAINTIFF has a reasonable belief that the Notice of Default, instrument no 201812051693 and Notice of Trustee's Sale, instrument no. 2021100601394 and Trustee's Deed Upon Sale are voidable or void ab initio. **(Exhibit "F")**

66. PLAINTIFF has a reasonable apprehension that if these voidable or void ab initio recorded written instruments are left outstanding, it/they may cause serious injury to PLAINTIFF because of her violations of Civ. Code §§2924(a)(1), 2934a(a)(1), 2924a(e) and 2924(a)(6).

67. PLAINTIFF seeks to cancel the hereinabove written instruments pursuant to Civ.Code §3412 due to her being voidable or void, clouds on title and wrongfully recorded.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF pray for judgment in her favor and against DEFENDANTS and each of them as follows:

1. For compensatory, special and general damages in an amount subject to proof at trial;
2. For restitution and the disgorgement of profits;
3. For an injunction cancelling the void or voidable written instruments;
4. For an injunction vacating the wrongful foreclosure;
5. For the disbursement of all surplus funds from the Trustee's Sale;

6. For punitive damages for wrongful foreclosure;

7. For reasonable costs of suit pursuant to Code Civ.Proc. § 1032;

8. For recompense of damages and arrears; and

9. For any other relief as it may deem just and proper.

DATED: August 15, 2022      CDLG, PC

BY: _____
Tony Cara, Esq.,
Attorney for Plaintiff,
FELETI HALAAPIAPI AS TRUSTEE
THE SIONE AND KALOLAINE TENEFUFU
FAMILY TRUST