UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELETI HALAAPIAPI | No. 2:22-cv-01237-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| WELLS FARGO BANK, N.A.; U.S. BANK TRUST NATIONAL ASSOCIATION; ABULLA NOORISTANI; HAMID AZIZ; RAASHDA KHAN; and DOES 1-10, inclusive | |
| Defendants. | |

This matter is before the Court on Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank Trust National Association's ("U.S. Bank") (collectively, "Defendants") Motion to Dismiss.[1]  (ECF No. 11.)  Plaintiff Feleti Halaapiapi ("Plaintiff") filed an opposition.  (ECF No. 15.)  Defendants filed a reply.  (ECF No. 17.)  For the reasons set forth below, the Court hereby GRANTS Defendants' motion.

---

[1]      The remaining Defendants did not join in this motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a completed foreclosure relating to a home loan that Sione Tenefufu and Kalolaine Tenefufu obtained from Wells Fargo's predecessor-in-interest in 2007.  (ECF No. 8 at 3.)  Plaintiff brings this action "as trustee of the Sione and Kalolaine Tenefufu Family Trust." (*Id.* at 1.)  Plaintiff filed the operative First Amended Complaint ("FAC") on August 15, 2022, alleging: (1) a violation of California Civil Code § 2924(a)(1); (2) negligence; (3) wrongful foreclosure; (4) unfair business practices in violation of California Business & Professions Code § 17200; and (5) cancellation of written instruments.  (*Id.* at 5–10.)  Defendants filed the instant motion to dismiss on September 6, 2022.  (ECF No. 11.)

## II.   STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim.  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680 (internal quotations omitted).

### III.   ANALYSIS

Defendants move to dismiss the FAC in its entirety for two reasons: (1) indispensable parties are missing from this action; and (2) Plaintiff lacks standing to challenge the completed foreclosure.[2]  The Court will address Defendants' arguments in turn.

---

1.  [2]  Defendants raise various other grounds for dismissal.  Because the Court concludes the FAC should be dismissed in its entirety based on these threshold issues, the Court declines to address Defendants' remaining arguments.

A.     <u>Indispensable Parties</u>

Defendants first argue the Court should dismiss this action pursuant to Rule 12(b)(7) because Plaintiff fails to join indispensable parties under Rule 19. (ECF No. 11 at 10–11.) More specifically, Defendants argue Rule 19 requires joinder of the borrowers for the subject loan — Sione Tenefufu and Kalolaine Tenefufu. (*Id.* at 11.) Plaintiff fails to address this argument in its opposition. (ECF No. 15.)

When a party makes a motion under Rule 12(b)(7), the court undertakes a three-part inquiry. First, it asks if the absent party is "necessary (i.e., required to be joined if feasible) under Rule 19(a)." *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). If so, the court asks whether it is "feasible to order that the absent party be joined." *Id.* If it is not feasible to join the absent party, the court asks whether the case can proceed without it — and if not, dismisses the action. *Id.*

Turning to the first inquiry, an absentee party is "necessary" under Rule 19 if the party has a claimed interest in the action. *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992). Just adjudication of claims requires that courts protect a party's right to be heard with the concomitant right "to participate in adjudication of a claimed interest." *Id.* Thus, a party is "necessary" under Rule 19(a) if "that person claims an interest relating to the subject action" such that it would "impair or impede the person's ability to protect the interest" or would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest." Fed. R. Civ. P. 19(a)(1)(B).

According to the FAC and attachments thereto, Sione Tenefufu and Kalolaine Tenefufu obtained a $142,800 loan from Wells Fargo's predecessor-in-interest in 2007 and pledged their interest in the subject property as security for their home loan in a Deed of Trust. (ECF No. 8 at 3; ECF No. 8-1.) As persons claiming an interest in the subject property to this action, it appears the Tenefufus are necessary parties under Rule 19(a). *See Galang v. Wells Fargo Bank*, No. 16-cv-03468-HSG, 2017 WL 1210021, at *6 (N.D. Cal. Apr. 3, 2017) (finding the plaintiff's wife to be a "required party" under Rule 19(a) because she pledged her interest in the subject property as a co-borrower with her husband and Wells Fargo would be at risk of multiple potentially

1  inconsistent obligations without her participation).

2  The Court next considers whether it is feasible for the Tenefufus to be joined in the action.

3  *E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).  Rule 19(a) provides

4  "three circumstances in which joinder is not feasible: when venue is improper; when the absentee

5  is not subject to personal jurisdiction; and when joinder would destroy subject matter

6  jurisdiction."  *Id.*  Even if joinder of a necessary party is not feasible, "a plaintiff must

7  nevertheless allege the name of the necessary party and the reasons for not joining that person."

8  *G.M. v. Poole*, No. 2:17-cv-02415-TLN-CKD, 2019 WL 4318573, at *2 (E.D. Cal. Sept. 12,

9  2019) (citing Fed. R. Civ. P. 19(c)).

10  Plaintiff has not addressed the feasibility of joining the Tenefufus to this action, and there

11  is nothing in the record that would suggest any of the three circumstances rendering joinder

12  infeasible would apply.  By failing to address this issue, Plaintiff essentially concedes the

13  infirmity of her claims.  *See Marziano v. Cnty. of Marin*, No. C-10-2740 EMC, 2010 WL

14  3895528, at *4 (N.D. Cal. Oct. 4, 2010) (viewing the plaintiff's "failure to oppose the argument

15  as a concession that the . . . claim should be dismissed").  Accordingly, there is no indication that

16  joinder would be infeasible.

17  Even if joinder is infeasible, the Court must finally determine "whether the absent party is

18  indispensable such that without joinder the action cannot proceed in 'equity and good

19  conscience.'"  *Bickoff v. Wells Fargo Bank*, No. 11-cv-02452 BEN (WVG), 2012 WL 3637381,

20  at *3 (quoting Fed. R. Civ. P. 19(b)).  There are four factors for assessing whether a party is

21  indispensable: (1) the extent to which "a judgment rendered in the person's absence might be

22  prejudicial to the person or those already parties"; (2) the extent to which the prejudice can be

23  lessened by the shaping of relief or protective provisions in the judgment; (3) "whether a

24  judgment rendered in the person's absence will be adequate"; (4) and "whether the plaintiff will

25  have an adequate remedy if the action is dismissed for nonjoinder."  *Shermoen v. United States*,

26  982 F.2d 1312, 1318–19 (9th Cir. 1992).

27  The parties fail to adequately address this final inquiry.  However, for the same reasons

28  already discussed and absent argument to the contrary, the Court concludes the Tenefufus are

5

1    indispensable parties to this action and dismissal is proper.

2            Therefore, the Court GRANTS Defendants' motion to dismiss under Rule 12(b)(7).

3            B.      Standing

4            Defendants next argue Plaintiff lacks the required standing to bring this action because

5    "only a party to a contract or an intended third-party beneficiary has standing to sue under a

6    contract." (ECF No. 11 at 11.)  In opposition, Plaintiff only addresses standing for the Unfair

7    Competition Law ("UCL") claim and argues "they have suffered damages" such as loss of the

8    home, litigation expenses, and other fees related to the foreclosure.  (ECF No. 15 at 14.).

9            The Court agrees with Defendants.  Based on the allegations in the FAC, it appears the

10   only named Plaintiff in this action is not a party to the contract.  Several district courts in the

11   Ninth Circuit have concluded that "[a] person who is not a party to a contract does not have

12   standing either to seek its enforcement or to bring tort claims based on the contractual

13   relationship." *Ambers v. Wells Fargo Bank, N.A.*, No. 13-CV-03940 NC, 2014 WL 883752, at *4

14   (N.D. Cal. Mar. 3, 2014); *see also Somerville as Tr. of Saint Andrews Tr. v. Wells Fargo Bank,*

15   *N.A.,* No. 2:18-CV-02033-JAM-EFB, 2018 WL 6201953, at *2 (E.D. Cal. Nov. 28, 2018)

16   (holding there was no standing as plaintiff was not a party to the loan); *Bianchi v. Bank of Am.,*

17   *N.A.,* No. 12CV750-MMA MDD, 2012 WL 11946982, at *2 (S.D. Cal. May 17, 2012) (holding

18   plaintiff did not have standing to sue regarding a loan in her husband's name as she was not a

19   party to the loan); *Willis v. Affinia Default Servs., LLC,* No. 2:19-CV-02440-ODW-SKX, 2019

20   WL 3841796, at *3 (C.D. Cal. Aug. 15, 2019) (holding plaintiff, even as a third party beneficiary

21   and executer of the estate, did not have standing as she was not a party to the loan).  Additionally,

22   district courts have consistently held that a plaintiff who is not a party to a mortgage loan cannot

23   assert, among other claims, UCL or fraud claims against a lender for improper disclosures.  *See*

24   *Ambers*, 2014 WL 883752, at *4 (collecting cases).

25           Plaintiff fails to explain how she has standing to bring this action as a non-party to the

26   contract.  Instead, Plaintiff argues only that she has standing to bring a UCL claim.  (ECF No. 15

27   at 10.)  To support this contention, Plaintiff cites two factually distinct cases without any

28   meaningful analysis.  (ECF No. 15 at 10.)  For example, *Sacchi* is irrelevant to the instant case

because the costs awarded were for plaintiff's efforts to prevent a foreclosure, not overturn one. *Sacchi v. Mortg. Elec. Registration Sys., Inc.*, No. CV 11-1658 AHM CWX, 2011 WL 2533029 (C.D. Cal. June 24, 2011).  In sum, Plaintiff's inadequate briefing is insufficient to persuade the Court that she has standing to bring this action on behalf of the Tenefufus.

Accordingly, the Court GRANTS Defendant's motion to dismiss based on Plaintiff's lack of standing.

### IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss with leave to amend.  (ECF No. 11.)  Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days from the electronic filing date of the amended complaint.  If Plaintiff opts not to amend the FAC, the Court will dismiss this action and close the case.

IT IS SO ORDERED.

Date:  September 15, 2023

Troy L. Nunley
United States District Judge